LAW OFFICE OF BRIAN L. GREBEN
Brian L. Greben, Esq.
316 Great Neck Road
Great Neck, NY 11021
(516) 304-5357

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JORDAN ANANIADIS, on behalf of himself
and others similarly situated,

                    Plaintiff,

                -against-

LEMONIA RESTAURANT CORP. d/b/a UTOPIA
RESTAURANT, PETER TSOUKALAS, GEORGE
KOUTSOSTERGIOS, MOA SABRY, and NIKKI
STOPELAS,

                  Defendants.
----------------------------------------------------------------X

**CASE NO:**

**COLLECTIVE ACTION AND**
**CLASS ACTION COMPLAINT**

Plaintiff, on behalf of himself and all others similarly situated, allege as follows:

1.    Plaintiff, on behalf of himself and all others similarly situated, brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2.    Plaintiff, on behalf of himself and all others similarly situated, further brings this lawsuit seeking recovery against Defendants for Defendants' violations of the New York Labor Law, Art. 6, § 190 *et. seq*., and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

3.    This lawsuit seeks to recover unpaid minimum wages, overtime compensation, confiscated tips, spread-of-hours pay, and statutory penalties for plaintiff and his similarly situated co-workers – i.e. waiter, busboys, runners, and other "wait staff" - who work or have worked at Lemonia Restaurant Corp. d/b/a Utopia Restaurant, a Diner located at 267 Amsterdam

Avenue in New York, New York.

4.      Plaintiff retained the Law Office of Brian L. Greben to represent Plaintiff, FLSA Collective Plaintiffs and Class Members in this litigation, and has agreed to pay the firm a reasonable fee for its services.

5.      Plaintiff's consent to sue form is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

6.      The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.  The Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in the district because the parties reside in the district, Defendants conduct business in the district, and the acts and/or omissions giving rise to the claims herein alleged took place in the district.

## THE PARTIES

8.      Plaintiff Jordan Ananiadis is a resident of Nassau County, New York.

9.      Defendant Lemonia Restaurant Corp. d/b/a Utopia Restaurant ("Lemonia") is a domestic business corporation organized under the laws of New York, with a principal place of business at 267 Amsterdam Avenue, New York, NY  10023.

10.     Individual Defendant Peter Tsoukalas is an owner, shareholder, officer and director of Lemonia.

11.     Individual Defendants Peter Tsoukalas, George Koutsostergios, Moa Sabry, and Nikki Stopelas (collectively, "Individual Defendants") are principals and managers of Lemonia.

12.     Lemonia has an annual gross volume of sales in excess of $500,000.00.

13.     At all relevant times, Defendants have been, and continue to be, "employers"

engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

14.     Individual Defendants exercised control over the terms and conditions of the employment of Plaintiff, FLSA Collective Plaintiffs and Class Members.

15.     Individual Defendants have the authority to hire and fire employees, and are in charge of budgeting issues, including payroll.

16.     Individual Defendants exercise control over Lemonia's day to day operations, and are actively involved in managing its operations.

17.     To the extent Defendants retained employment records, Individual Defendants exercised control over those records.

18.     Individual Defendants are the former and current employers of Plaintiff and those similarly situated under the FLSA and the NYLL.

19.     All defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff brings and seeks to prosecute his FLSA claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b), on behalf of all non-exempt persons currently or formerly employed by Defendants, including all employees who were employed by defendants for manual positions including waiter, busboys, runners, and other "wait staff", and any other similarly situated current and former employees holding comparable positions ("FLSA  collective plaintiffs"), at any time on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Collective Action Period").

21.     At all relevant times, Plaintiff and the FLSA collective plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules, including willfully failing and

refusing to pay class members the minimum federal or state minimum wage, and willfully failing and refusing to pay class members one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek for work they provided thereafter..  The claims of Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

22.     The FLSA Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b).

23.     The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

24.     Plaintiff brings New York State law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants, including all non-exempt persons currently or formerly employed by Defendants, including all employees who were employed by defendants for manual positions including waiter, busboys, runners, and other "wait staff", and any other similarly situated current and former employees holding comparable positions, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

25.     All said persons, including Plaintiff, are referred to herein as the "Class." The class members are readily ascertainable. The number and identity of the class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

26.     The proposed Class is so numerous that joinder of all class members is

impracticable, and the disposition of their claims as a Class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) Members of the Class.

27.      Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the class members were subject to the same corporate practices of Defendants, as alleged herein, including willfully failing and refusing to pay class members the minimum federal or state minimum wage, and willfully failing and refusing to pay class members one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek for work they provided thereafter.  Defendants' restaurant-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

28.      Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by an attorney who is experienced and competent in both Class Action litigation and employment litigation and has previously represented both plaintiffs and defendants in wage and hour cases.

29.      A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class Action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to a Class Action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a Class Action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a Class Action would result in a significant saving of these costs. The prosecution of separate actions by individual Members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual Members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, Class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a Class Action.

30. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class Actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

31. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

>    (a)    Whether Defendants paid Plaintiff and the Class members the federal and
>           state minimum wage for all hours worked;

(b)    Whether Defendants properly compensated Plaintiffs and class members
for overtime by paying them overtime pay for the hours worked in excess
of forty (40) hours per workweek within the meaning of New York Labor
Law, Art. 6, § 190 *et. seq.*, and Art. 19, § 650 *et. seq.*, and the supporting
New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142;

(c)    Whether Defendants paid employees New York's "spread of hours"
premium when their workdays exceeded 10 hours

(d)    Whether Defendants unlawfully confiscated plaintiff's tips;

(e)    The nature and extent of the class-wide injury and the appropriate measure
of damages for the Class;

(f)    Whether Defendants can prove that their unlawful policies were
implemented in good faith; and

(g)    Whether Defendants failed to provide Plaintiffs and the Class the requisite
wage notices and other documents required under the NYLL.

## FACTS

32.    Jordan Ananiadis has been continuously employed by defendants since 1983.  Mr.
Ananiadis has been employed by Defendants as a waiter throughout the entire period at issue in
this action, and is a non-exempt employee within the meaning of the FLSA.

33.    Throughout his employment at Lemonia, plaintiff has been an employee who fell
into the category of a "tipped employee" who customarily and regularly earned more than $30.00
per month in tips.

34.    At all relevant times, Mr. Ananiadis' employment at Lemonia has been under the
direct oversight of the Individual Defendants, who were and remain the owners and managers of
Lemonia.  At all relevant times, Individual Defendants had total operational control over
Lemonia.  Individual Defendants were in charge of all hiring/firing.  If employees needed a raise

or a change in schedule, they would seek approval from Individual Defendants. Individual Defendants implemented and set the wage and hour policy of Lemonia, and would reprimand staff if they did not do their work properly.

35.     Plaintiff's job duties do not include hiring, firing, scheduling or disciplining of employees. Plaintiff does not set pay schedules of employees. Rather, Plaintiff's job duties are similar to those duties of non-exempt hourly employees in that Plaintiff's duties are void of meaningful independent discretion with respect to the exercise of his duties.

36.     Plaintiff's primary duties as a waiter at Lemonia include seating customers, explaining specials, taking customers' orders, serving food and drinks to customers, and accepting payment for meals.

37.     From prior to the week beginning on June 20, 2011, through May 25, 2015, Mr. Ananiadis worked 60 hours per week, and was paid $2.00 per hour. During this period, he worked six days per week, arriving at Utopia at 5:30 a.m. and leaving at 3:30 p.m. He was not permitted to take a lunch break.

38.     From May 25, 2015 through the present date, Plaintiff has worked 42.5 hours per week. Throughout this period, he has worked five days per week, arriving at Utopia at 6:30 a.m. and leaving at 3:00 p.m. He is not permitted to take a lunch break.

39.     From May 25, 2015, through December 31, 2015, Defendants paid Plaintiff $5.00 per hour; from January 1, 2016, and continuing through the present, Defendants paid Plaintiff $7.50 per hour.

40.     Defendants have never paid Plaintiff an overtime rate of 1.5 times his regular hourly rate for hours he worked after having already worked 40 hours per week, as they were required to do under the FLSA and the NYLL.

41.     Defendants knowingly and willfully operated their restaurant with a policy of not paying the FLSA minimum wage, the New York State minimum wage, or overtime at a rate of

1.5 times each employee's regular hourly rate to Plaintiff, FLSA Collective Plaintiffs, and Class Members.

42.     Since the beginning of Plaintiff's employment with Defendants, Defendants have regularly stolen a portion of the tips left for him by his customers.  This is done using two different schemes.

43.     The fist scheme involves customers who pay for their meals with credit cards, but leave tips in cash.  If Plaintiff is not paying close attention, Defendants will steal the cash tips off the tables when he is not looking.

44.     The second scheme involves customers who include Plaintiff's tips in their credit card payment.  In those instances, Defendants take credit card receipts off the tables before Plaintiff has had a chance to inspect them, and convert his tips for their own use.  Plaintiff has repeatedly asked to see copies of his customers' credit card receipts when he suspected that his tips were being stolen, but Defendants have refused to show them to him.

45.     Defendants maintain a policy and practice of refusing to show waiters their tip records.  When waiters, including Plaintiff, ask to see such records, Defendants always deny their requests.

46.     Defendants have consistently suffered, permitted and/or instructed Plaintiff, FLSA Collective Plaintiffs, and Class Members to work over 10 hours per day.  Defendants have not paid Plaintiff, FLSA Collective Plaintiffs, and Class Members one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

47.     Defendants have not kept accurate records of wages earned or of hours worked by Plaintiff, FLSA Collective Plaintiffs and Class Members.

48.     Defendants have not furnished accurate records of wages earned or of hours

worked by Plaintiff, FLSA Collective Plaintiffs and Class Members.

49.     Defendants have failed to furnish Plaintiff, FLSA Collective Plaintiffs and Class

Members with accurate statements of wages, hours worked, rates paid, and gross wages.

50.     Defendants have failed to provide proper wage notices at the beginning of

employment of Plaintiff, FLSA Collective Plaintiffs and Class Members, and annually thereafter.

## FIRST CLAIM FOR RELIEF

(FLSA Claims, 29 U.S.C. § 201, et seq.,
Brought by Plaintiff on Behalf of Himself,
the FLSA Collective Plaintiffs and Class members)

51.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and Class

members, realleges and incorporates by reference all preceding paragraphs as if they were set

forth again herein.

52.     At all relevant times, Defendants have been, and continue to be, "employers"

engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within

the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed,

"employee[s]," including Plaintiff, the FLSA Collective Plaintiffs and Class members.

53.     Throughout the statute of limitations period covered by these claims, Defendants

knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.  Defendants'

failure to pay Plaintiff, the FLSA Collective Plaintiffs and Class members the minimum wage

was willful within the meaning of the FLSA and federal regulations.

54.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and Class

members, seeks damages in the amount of his unpaid compensation, liquidated (double) damages

as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-

judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq*. Brought by Plaintiff
on Behalf of Himself, the FLSA Collective Plaintiffs and Class Members)

55.     Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

56.     Throughout the statute of limitations period covered by these claims, the FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek and continue to do so.

57.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff, FLSA Collective Plaintiffs and Class Members at one-and-one-half times their regular hourly rates for work in excess of forty (40) hours per workweek, even though Plaintiffs, the FLSA Collective Plaintiffs and Class Members have been and are entitled to overtime.

58.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff, the FLSA Collective Plaintiffs and Class Members at the required overtime rates, one-and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

59.     Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

(New York State Minimum Wage Act,
New York Labor Law § 650 et seq. Brought by Plaintiff
on Behalf of Himself, the FLSA Collective Plaintiffs and Class members)

60.     Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.  Defendants did not pay Plaintiff, the FLSA Collective Plaintiffs and Class members minimum wage for all hours worked.

61.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the New York State minimum wage for each hour worked. Defendants' failure to pay Plaintiff, the FLSA Collective Plaintiffs and Class members the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

62.     As a result of Defendants' willful and unlawful conduct, Plaintiff, the FLSA Collective Plaintiffs and Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF

(New York Overtime Violations,
N.Y. Lab. L. § 650 *et seq*., N.Y. Comp. Codes R. &
Regs. § 142 *et seq*., N.Y. Comp. Codes R. & Regs. § 146 *et seq*.,
Brought by Plaintiffs, the FLSA Collective Plaintiffs and Class Members)

63.     Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

64.     At all times relevant to this action, Plaintiff was an employee and Defendants were employers within the meaning of NYLL.

65.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

66.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

67.     Throughout the class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs, the FLSA Collective Plaintiffs and Class Members at the required overtime rates, one-and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

68.     By failing to pay Plaintiffs and the class members overtime wages for all hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, the regulations in 12 N.Y.C.R.R., Parts 142 and 146.

69.     As a result of Defendants' willful and unlawful conduct, Plaintiff, the FLSA Collective Plaintiffs and Class Members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF

(New York Violations, NYLL §§ 195, 198 *et seq.*)

70.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

71.     Defendants retained substantial portions of Plaintiff s tips and Class members' tips.

72.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF

(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d
and 198-b Brought by Plaintiff on Behalf of Himself and the Class)

73.    Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

74.    Defendants have willfully failed to supply Plaintiff and the FLSA Collective Plaintiffs and Class Members with wage notices, as required by NYLL, Article 6, § 195(1), containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

75.    Through their knowing and intentional failure to provide Plaintiff and the FLSA Collective Plaintiffs and Class Members with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

76.    Due to defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective Plaintiffs and Class Members are entitled to statutory penalties for defendants' failure to provide them with wage notices, plus, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## SEVENTH CLAIM FOR RELIEF

(New York Violations, NYLL §§ 195, 198 *et seq.*)

77.    Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members,

realleges and incorporates by reference all previous paragraphs.

78.    Defendants have willfully failed to supply Plaintiff and the FLSA Collective Plaintiffs and Class Members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

79.    Through their knowing and intentional failure to provide Plaintiff and the FLSA Collective Plaintiffs and Class Members with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

80.    Due to defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the FLSA Collective Plaintiffs and Class Members are entitled to statutory penalties for defendants' failure to provide them with wage notices, plus, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d) .

## EIGHTH CLAIM FOR RELIEF

(New York Violations, NYLL §§ 650 *et seq.*;
N.Y. Comp. Codes R. & Regs. § 146 -1.6 – spread-of-wages pay)

81.    Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

82.    Defendants have failed to pay Plaintiff and the FLSA Collective Plaintiffs and Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workdays – including working time plus time off for meals plus intervals off duty – was greater than 10

hours.

83.    Through their knowing and intentional failure to pay plaintiff spread-of-hours pay, Defendants have willfully violated NYLL, Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations, including N.Y. Comp. Codes R. & Regs. § 146 -1.6.

84.    Due to defendants' willful violations of the NYLL, Plaintiff and the FLSA Collective Plaintiffs and Class Members are entitled to recover from defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL and the supporting New York State Department of Labor Regulations, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of himselves and the FLSA Collective Plaintiffs and Members of the Class, prays for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Members of the FLSA opt-in Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiff as a representatives of the FLSA Collective Plaintiffs;

C.    Designation of this action as a Class Action pursuant to F.R.C.P. 23;

D.    Designation of Plaintiffs as representatives of the Class;

E.    An award of damages, according to proof, including punitive and liquidated damages, to be paid by Defendants;

F.    Penalties available under applicable laws;

G.     Costs of action incurred herein, including expert fees;

H.     Attorney's fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663

and other applicable statutes;

I.     Pre-Judgment and post-judgment interest, as provided by law; and

J.     Such other and further legal and equitable relief as this Court deems necessary,

just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, hereby

demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: Great Neck, New York
      July 5, 2017

                   LAW OFFICE OF BRIAN L. GREBEN

                   Brian L. Greben
                   316 Great Neck Road
                   Great Neck, NY 11021
                   (516) 304-5357