## SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY AGREED BY AND AMONG,** Jordan Ananiadis ("Plaintiff") and Lemonia Restaurant Corp., d/b/a Utopia Restaurant, Peter Tsoukalas, George Koutsostergios, Moa Sabry and Nikki Tsopelas (collectively, "Defendants") (collectively, Plaintiff and Defendants shall be referred to as the "Parties") as follows:

**WHEREAS,** Plaintiff commenced an action in United States District Court, Southern District of New York, on July 5, 2017 styled as *Jordan Ananiadis v. Lemonia Restaurant Corp., d/b/a Utopia Restaurant, Peter Tsoukalas, George Koutsostergios, Moa Sabry and Nikki Tsopelas*, Index No. 17-cv-05061 (hereinafter the "Action") in which he has asserted various minimum wage claims and avers that he is entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for wage statement and notice violations under the NYLL on his behalf and on behalf of those similarly situated; and

**WHEREAS,** Defendants deny all of the material allegations asserted by Plaintiff and deny and continue to deny that it has violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiff; and

**WHEREAS,** Plaintiff and Defendants, in good faith, have agreed to avoid the time, expense, uncertainty and effort of engaging in further litigation by resolving all of their disputes by engaging in a full day mediation with JAMS Mediator Marc E. Isserles and entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE,** the Plaintiff and the Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1.  In full, final and complete settlement of the claims asserted in the Action

including any and all claims for unpaid minimum wages, overtime pay, tips, spread of hours, wage statement and notice requirements, liquidated damages, penalties, interest and any and all other claims and potential claims asserted by the Plaintiff, including attorneys' fees and costs, Defendants hereby agree to cause to be paid to the Plaintiff the sum of $135,000 (the "Settlement Sum") as follows:

2.  Within 30 days after Court Approval of the Settlement Agreement Defendants will remit the following payment: (i) a total of two checks to Plaintiff, one in the amount of $45,022.50 minus the lawful deductions via W2, and a second check in the amount of $45,022.50 via Form 1099; and (ii) a total of one check to the Law Office of Brian L. Greben in the amount of $44,955 for reasonable legal fees and costs.

3.  Upon full execution of this Agreement and payment of the Settlement Sum (defined above in ¶ 1), the Parties shall dismiss with prejudice the Action by filing a Stipulation of Dismissal with Prejudice (the "Stipulation of Dismissal").

4.  Plaintiff affirms that he has not instituted a complaint, suit, action, charge or other legal proceeding against Defendants, including their current or former owners, officers, directors, partners, shareholders, board members, trustees, commissioners, employees, agents, parent corporations, subsidiary corporations, wholly owned companies, affiliates and divisions, and their predecessors, successors, assigns, beneficiaries, servants, legal representatives, insurers, heirs, agents, representatives, attorneys, assigns, beneficiaries, executors, trustees, fiduciaries, and administrators, in their respective capacities as such, other than the Action.

5.  In return for the consideration described above, Plaintiff, in his individual capacity and on behalf of his heirs, executors, administrators, successors, and assigns, and Defendants, including their current or former owners, officers, directors, partners, shareholders,

board members, trustees, commissioners, employees, agents, parent corporations, subsidiary corporations, wholly owned companies, affiliates and divisions, and their predecessors, successors, assigns, beneficiaries, servants, legal representatives, insurers, heirs, agents, representatives, attorneys, assigns, beneficiaries, executors, trustees, fiduciaries, and administrators, in their respective capacities as such, hereby release and forever discharge each other, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, arising out of Plaintiff's employment with Defendants, including, but not limited to:

a) all claims arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity, concerning wages, tips or employment;

b) all claims arising under or concerning *The Fair Labor Standards Act,* 29 U.S.C. § 201 et seq. *Article 6 or Sections 190-198 of New York Labor Law, The Lily Ledbetter Fair Pay Act, the Equal Pay Act* and any similar federal law or law of any state or locality; whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; allegedly unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; or any other asserted basis for additional remuneration or other rewards;

c) all claims for fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits arising under ERISA; and

d) all claims related to the Action or to plaintiff's employment with defendant, whether known or unknown, against each

3

       other from the beginning of time to the effective date the agreement herein, including but not limited to, attorney fees.

  6. Except as may be prohibited by statute, with respect to the claims that Plaintiff is releasing and waiving in Section 5 of this Agreement, Plaintiff shall not institute or be represented in, nor shall he submit or file, or permit to be submitted or filed on his behalf, any lawsuit, charge, claim, complaint, or other legal action or proceeding against the Defendants, based upon any conduct occurring up to and including the date Plaintiff executed this Agreement, whether an individual action or a class or collective action, with any administrative agency, court or other forum, under any federal, state, city, local or other laws, rules, regulations, codes, or guidelines.

  7. With respect to the claims that Plaintiff is releasing and waiving in Section 5 of this Agreement, he is releasing and waiving not only his right to recover money or other relief in any action that he might institute, but also he is releasing and waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, representative class or collective action plaintiffs, the United States Equal Employment Opportunity Commission, the United States Department of Labor, the National Labor Relations Board, the New York State Department of Labor, or any other federal, state or local governmental agency or department. Plaintiff acknowledges and agrees that the released claims include any that have been or may hereafter be asserted on his behalf in any class or collective action relating to her employment and/or the termination of his employment with Defendants ("Class/Collective Action"). Accordingly: (a) Plaintiff waives any right to participate in any Class/Collective Action, including serving as a class representative or named plaintiff; and (b) Plaintiff waives any right to receive notice of any pending or resolved Class/Collective Action. In the event that Plaintiff is included or identified as a member or potential member of a

4

class or collective in Class/Collective Action, he agrees to (i) opt out of such proceeding after learning of his inclusion by executing without objection or delay any opt out form presented to him, and/or (ii) not to opt in to such proceeding. Excluded from the release and waiver are any claims or rights which cannot be waived by law, such as Plaintiff's right to file a charge with an administrative agency or participate in any agency investigation. Plaintiff is, however, waiving his right to recover any money in connection with such a charge or investigation. If a lawful subpoena to testify concerning any of the Defendants before any entity is issued to Plaintiff, Plaintiff will notify and provide Defendants with a copy of the subpoena within ten (10) days of its receipt.

8.   Plaintiff expressly acknowledges that this Agreement resolves all employment related legal claims Plaintiff may have against Defendants as of the effective date of this Agreement, including but not limited to claims Plaintiff did not know or suspect to exist in Plaintiff's favor at the time of the effective date of this Agreement. Plaintiff hereby assumes any and all risk of any mistake in connection with the true facts involved in the matters, disputes or controversies described in this Agreement or with regard to any facts which are now unknown to Plaintiff.

9.   The parties understand and agree that they have been advised to consult with their own attorneys before signing this Agreement, and that they have done so.

10.   By entering into this Agreement, the Parties do not make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations

for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendant, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

11. If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

12. The Parties agree that the United States District Court, Southern District of New York shall retain Jurisdiction for all purposes.

13. In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

14. By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

15. This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

16. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

17. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

18. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

- For Plaintiff: The Law Office of Brian L. Greben, 316 Great Neck Road, Great Neck, NY 11021.

- For Defendants: Evangelos Michailidis, Duane Morris, LLP., 1540 Broadway, New York NY, 10036.

Date:

_____
Jordan Ananiadis

Date: _____
_____
Lemonia Restaurant Corp.

By: _____

Date: _____
_____
Moa Sabry

By: _____

Date: _____
_____
Peter Tsoukalas

Date:

_____
George Koutsostergios

Date:

_____
Nikki Tsopelas

8

H:\Ananiadis Settlement Agreement Proposed Final.docx