UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 1/31/17

JORDAN ANANIADIS, on behalf of himself and others similarly situated,

Plaintiff,

-against-

LEMONIA RESTAURANT CORP.,
PETER TSOUKALAS,
GEORGE KOUTSOSTERGIOS,
MOA SABRY, and NIKKI STOPELAS

Defendants.

**ORDER**

17 Civ. 5061 (ER)

Ramos, D.J.:

Jordan Ananiadis brought the above-captioned action against Defendants Lemonia Restaurant Corp., Peter Tsoukalas, George Koutsostergios, Moa Sabry, and Nikki Stopelas (collectively, "Defendants") for recovery related to unpaid minimum and overtime wages, illegal deductions from gratuities, spread of hours, and failure to prepare and issue mandatory employment documents under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").[1] *See* Doc. 1. On January 5, 2018, the parties submitted an application for the Court to approve the parties' settlement agreement (the "Settlement Agreement"). Doc. 21. The settlement is for $135,000.00 total, with $90,045.00 payable to Plaintiff in two installments, and $44,955.00 paid to Plaintiff's counsel for attorneys' fees and costs. Settlement Agreement at ¶2.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake*

---

[1] According to the parties, Defendants recently settled a wage-and-hour matter with the New York Department of Labor, which purportedly eliminated Plaintiff's interest in pursuing his claims as a collective class action. Doc. 21 at 2.

*House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). The Court will not approve the Settlement Agreement for the reasons discussed below.

First, the Settlement Agreement contains a provision by which the parties agree to release each other from any and all claims, whether known or unknown, arising out of Plaintiff's employment with Defendants. Settlement Agreement ¶ 5 ("Release Provision"). "Courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, the Release Provision, as written, is not limited to wage-and-hour claims and is thus excessively broad. *See Pucciarelli v. Lakeview Cars, Inc.*, No. 16 Civ. 4751 (RRM), 2017 WL 2778029, at *3 (E.D.N.Y. June 26, 2017) (noting that release provision "released conduct aris[ing] out of the identical factual predicate as the settled conduct . . .

without encompassing, for example, prospective discrimination claims"). The Court will not approve an agreement that contains a release provision extending beyond the claims at issue. *See Martinez*, 2016 WL 206474, at *2; *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015).

Second, the parties contend that the Settlement Agreement is fair because Plaintiff's recovery "exceeds his estimates of the compensatory damages, and includes most of his liquidated damage estimates, for the entirety of the period for which defendants lack strong defenses." Doc. 21 at 3. However, the parties do not explain Plaintiff's possible range of recovery, nor do they attach any documentary evidence in support of their statement that $135,000 exceeds Plaintiff's compensatory damages for the period for which Defendants lack strong defenses. Other courts in this District have rejected settlements when the parties do not present sufficient information regarding the range of recovery, as "in the absence of such information, the Court cannot discharge its duty to ensure that the proposed settlement is fair and reasonable." *See Nights of Cabiria*, 96 F. Supp. 3d at 177 (S.D.N.Y. 2015). Although the settlement amount may be imminently reasonable, the Court cannot judge its fairness without more information on the Plaintiff's possible recovery. The Court must therefore deny the parties' application for approval of the Settlement Agreement.

Accordingly, the parties' request for approval of the proposed settlement is DENIED without prejudice. The parties may proceed in one of the following ways:

1. File on the docket on or before **February 15, 2018**, (a) documentation regarding the parties' estimates of Plaintiff's range of recovery, and (b) a revised settlement agreement that does not include a release provision extending beyond the claims at issue; or

3

2. File a joint letter on or before **February 15, 2018** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

It is SO ORDERED.

Dated:   January 30, 2018
         New York, New York

                                                               Edgardo Ramos, U.S.D.J.