UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JORDAN ANANIADIS, on behalf of
himself and others similarly situated,

                           Plaintiff,

          -against-

LEMONIA RESTAURANT CORP.,
PETER TSOUKALAS,
GEORGE KOUTSOSTERGIOS,
MOA SABRY, and NIKKI STOPELAS

                         Defendants.

**ORDER**

17 Civ. 5061 (ER)

---

Ramos, D.J.:

Jordan Ananiadis brought the above-captioned action against Defendants Lemonia Restaurant Corp., Peter Tsoukalas, George Koutsostergios, Moa Sabry, and Nikki Stopelas (collectively, "Defendants") for recovery related to unpaid minimum and overtime wages, illegal deductions from gratuities, spread of hours, and failure to prepare and issue mandatory employment documents under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").[1] *See* Doc. 1.  On January 5, 2018, the parties submitted an application for the Court to approve the parties' settlement agreement (the "Settlement Agreement").  Doc. 21.  On January 30, 2018, the Court denied the application because (1) the Settlement Agreement contained a release provision that was not limited to wage-and-hour claims, and (2) the Court was unable to determine whether the proposed settlement was fair and reasonable due to the lack of sufficient information regarding the range of Plaintiff's recovery.  Doc. 22.  On February 13,

---

[1] According to the parties, Defendants recently settled a wage-and-hour matter with the New York Department of Labor, which purportedly eliminated Plaintiff's interest in pursuing his claims as a collective class action.  Doc. 21 at 2.

2018, the parties submitted a revised settlement agreement (the "Revised Settlement Agreement") and additional information regarding Plaintiff's range of recovery. Doc. 23. The settlement is for $135,000.00 total, with $90,045.00 payable to Plaintiff in two installments, and $44,955.00 paid to Plaintiff's counsel for attorneys' fees and costs. Revised Settlement Agreement at ¶ 2.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

The parties have addressed the Court's prior concerns with the settlement. First, the parties have adequately justified the dollar amount of the settlement. In particular, they have submitted information demonstrating that Plaintiff's recovery of $135,000.00 exceeds his estimated compensatory damages and covers most of his estimated liquidated damages for the period for which Defendants lack strong defenses, estimates that total $139,522.00. Doc. 23 at

2

1–2; Doc. 23-2; Doc. 23-3.  Second, the release provision in the Revised Settlement Agreement is limited to wage-and-hour claims.

Accordingly, the Court is satisfied that the settlement is "fair and reasonable" and approves the Revised Settlement Agreement, attached as Exhibit 1 to Doc. 23 on the docket. The complaint (Doc. 1) is dismissed with prejudice.  The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   April 3, 2018
         New York, New York

                                              Edgardo Ramos, U.S.D.J.